**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Archie KELLY, Defendant–Appellant.**

**No. 92–8222**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Sept. 21, 1992.

Joseph A. Turner, Austin, Tex. (Court-appointed), for defendant-appellant.

Richard L. Durbin, Jr., Margaret Feuille Leachman, Asst. U.S. Atty., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:

BACKGROUND:

Archie Kelly pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). In the plea agreement, Kelly agreed to waive his right to appeal his sentence unless the district court departed upward. The plea agreement did not contain any agreement as to the length of the sentence he would receive.

The probation office calculated his guideline sentencing range based on a criminal history category of VI. Presentence report (PSR) ¶¶ 32–33. Combined with a base offense level of 28, this gave Kelly a guidelines sentencing range of 140–175 months imprisonment. PSR ¶ 38. Kelly's criminal history score was high because of several state misdemeanors which he pleaded guilty to in September of 1991 before he was sentenced in federal court in March of 1992. PSR ¶¶ 26–31.

Kelly did not file any written objections to the PSR, but his counsel did express concern to the probation officer about the effect of Kelly's guilty pleas in state court on his criminal history score. PSR addendum. At the sentencing hearing, Kelly's counsel again expressed his concerns that Kelly should not be penalized by such a high criminal history category, because his counsel in state court was not aware of the effect the state pleas would have on Kelly's sentencing in federal court and erroneously counseled him to plead guilty before his federal sentencing. The district court overruled the objection, finding that he was required by the guidelines to count those convictions in the calculation of the criminal history category.

Kelly's counsel then argued to the court that it could consider a downward departure from the guidelines because the criminal history category was too severe. The district court did not depart downward, but it did sentence Kelly to the lowest point in the range, 140 months imprisonment.

The probation office also calculated Kelly's guideline range for supervised release as three to five years. The PSR noted that the statutory provisions required at least three years supervised release. PSR ¶¶ 39–40. The district court sentenced Kelly to five years supervised release. Kelly did not object.

DISCUSSION:

*Waiver of appeal*

█ The Government contends that Kelly has waived his right to appeal his sentence and asks that his appeal be dismissed. Kelly's plea agreement does contain the following language regarding waiver of his right to appeal:

Knowing these facts, Defendant agrees that this Court has jurisdiction and authority to impose any sentence *within the statutory maximum set for his offense*, including a sentence determined by reference to the Guidelines, and he expressly waives the right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, *except upward departure*. Similarly, the defendant agrees not to contest his sentence or the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. (emphasis added).

Kelly argues that such waivers are approved only when the plea agreement contains a specific sentence. He also argues that the district court implicitly rejected the waiver term in the plea agreement when it advised him that he had the right to appeal at the sentencing hearing.

From the portion of the plea agreement quoted above, it is evident that if the sentence imposed was "within the statutory maximum set for his offense" and did not involve any "upward departure" from the Guideline range, Kelly agreed that he would not have any right to appeal from such sentence. Since for the reasons hereinafter set forth, we conclude that the portion of the sentence relating to supervisory release exceeded the statutory maximum defined for such offense, and would therefore constitute some form of "upward de-

parture," Kelly was not bound by his waiver of appeal, and we decline, therefore, to grant the Government's motion to dismiss this appeal.

*Supervised release*

 Kelly argues that the district court erred in sentencing him to five years supervised release. He argues that because his crime is classified as a Class C felony, his supervised release term was limited by law to three years under 18 U.S.C. § 3583(b)(2). He cites *U.S. v. Terrell*, No. 90–8699/90–8700 (5th Cir., October 11, 1991) [946 F.2d 1543 (Table)] (unpublished) as authority. The Government contends that *Terrell* is distinguishable and that guidelines provision § 5D1.2(a) applies to give a guideline range of three to five years supervised release. This Court reviews application of the sentencing guidelines fully for errors of law. *U.S. v. Sanders*, 942 F.2d 894, 897 (5th Cir.1991). However, because Kelly did not object to the five years supervised release in the district court, this issue must be reviewed for plain error. *U.S. v. Lopez*, 923 F.2d 47, 49–50 (5th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 2032, 114 L.Ed.2d 117 (1991).

In *Terrell*, this Court considered whether it was error for the defendant to be sentenced to five years supervised release. The defendant was convicted under 21 U.S.C. § 841(a)(1). At the guilty plea hearing, the court informed the defendant that he could be sentenced to not less than two nor more than three years of supervised release. The court subsequently sentenced him to five years of supervised release.

Terrell was convicted of possession of less than 50 kilograms of marijuana, and the applicable penalty provision was 21 U.S.C. § 841(b)(1)(D) which provided for not more than five years imprisonment. This classified the offense as a Class D felony under 18 U.S.C. § 3559(a)(4).

This Court noted that 18 U.S.C. § 3583(b) authorized a term of supervised release of not more than three years for a Class D felony, "except as otherwise provided." 21 U.S.C. § 841(b)(1)(D) required the sentence to include a term of supervised release of at least two years. This Court stated that the penalty provision in 21 U.S.C. § 841 imposed a minimum term of supervised release, and that 18 U.S.C. § 3583(b) limited the length of supervised release that could be imposed. This Court concluded that the proper term of supervised release was two to three years.

This Court also noted that U.S.S.G. § 5D1.2(a) provided that if a defendant is convicted under a statute that requires a term of supervised release, the term should be three to five years, or the minimum required by statute, whichever is greater. This Court held that because this provision was in conflict with the statutory provisions, the statutes controlled, citing U.S.S.G. § 5G1.1. This Court vacated the sentence and remanded for resentencing.

*Terrell* is determinative of Kelly's situation in this case before us. Kelly was convicted under 21 U.S.C. § 841(a)(1). The only difference is that due to the amount and type of drug involved, Kelly's penalty provision was 21 U.S.C. § 841(b)(1)(C), which provides for a minimum term of supervised release of three years, and that Kelly's felony was a Class C felony, which, under 18 U.S.C. § 3583(b)(2) limits the term of supervised release to three years. Applying the analysis of *Terrell*, Kelly was required to receive a supervised release term of not less than nor more than three years.

The Government's attempt to distinguish *Terrell* is disingenuous.[1] There is a conflict between the statutory provisions of 18 U.S.C. § 3583(b)(2), which limit supervised release to three years for Class C felonies, and U.S.S.G. § 5D1.2, which allows a supervised release term of three to five years. According to *Terrell*, the statutory limit of three years prevails. Contrary to the Government's contention, *Terrell* did take into account the difference between mandatory and permissive supervised release. *Terrell* involved a conviction under 21 U.S.C. § 841(a)(1), and the applicable penalty provision *required* a term of supervised release of two years. Thus, *Terrell*

---

1. The Government conceded the error in *U.S. v. Padilla*, 947 F.2d 893, 894 (10th Cir.1991).

refutes the Government's argument that § 5D1.2(a) automatically applies whenever there is a statutorily mandated term of supervised release. The purpose of § 5D1.2 is to ensure that where there is a *minimum* term of supervised release required by statute, that minimum will be imposed over a lesser guidelines term. U.S.S.G. § 5D1.2, comment. (backg'd.). Its purpose is not to impose a greater term of supervised release under the guidelines when there is a lesser statutory *maximum.*

The district court committed clear error in sentencing Kelly to five years supervised release. *U.S. v. Shano,* 955 F.2d 291, 295 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 1520, 118 L.Ed.2d 201 (1992). *See also U.S. v. Pico,* 966 F.2d 91, 92 (2nd Cir.1992) (Although defendant did not object to the length of the term of supervised release before the district court, the sentence imposed constituted clear error.).

For the forgoing reasons we VACATE the sentence herein and REMAND the case to the district court for resentencing.