# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 99-50768
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE RAMIREZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
SA-98-CR-411-2-EP

July 14, 2000

Before POLITZ, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Enrique Ramirez was found guilty by a jury of conspiracy to distribute heroin

and with possession with intent to distribute heroin. The prosecution sought an

enhanced penalty because the offense involved more than 100 grams of heroin. Citing

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**Jones v. United States**,[1] Ramirez objected to the presentence investigation report, contending that his sentence should not be enhanced under 21 U.S.C. § 841(b)(1)(B)(i) because drug quantity was not alleged in the indictment. The base offense level of 28 resulted from a determination that the quantity of heroin involved was 502.6 grams.[2] The district court sentenced Ramirez in the middle of the guideline imprisonment range to concurrent 110-month terms of imprisonment and ordered him to serve concurrent five-year periods of supervised release. The statutory enhancement for quantities of heroin in excess of 100 grams requires a minimum term of supervised release of four years.[3] Ramirez contends that he was prejudiced by application of the statutory enhancement because, without it, he could not have received more than a three-year period of supervised release.[4]

In **Apprendi v. New Jersey**[5] the Supreme Court recently determined that any fact that increases the penalty for a crime, other than prior convictions, must be submitted to a jury and proved beyond a reasonable doubt. Because we cannot discern

---

[1]526 U.S. 227 (1999).

[2]U.S.S.G. § 2D1.1(c)(6).

[3]21 U.S.C. § 841(b)(1)(B)(i).

[4]18 U.S.C. § 3583(b)(2); **United States v. Kelly**, 974 F.2d 22 (5th Cir. 1992).

[5]2000 WL 807189 (June 26, 2000).

from the present state of the record the extent to which the district court relied on the quantity of drugs possessed by Ramirez in setting the term of supervised release, we must VACATE that aspect of the sentence and REMAND this case to the district court for resentencing the supervised release element in light of **Apprendi**.