# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 00-30259
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARK E. AMOS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CR-146-1-R
--------------------
December 19, 2000

Before DAVIS, JONES, & DeMOSS, CIRCUIT JUDGES.

PER CURIAM:[*]

Mark E. Amos has appealed the sentence he received on his guilty plea of conspiracy to possess cocaine with intent to distribute it, and possession of marijuana with intent to distribute it. Amos received two concurrent 238-month prison sentence, five years of supervised release for the cocaine offense, and a three-year concurrent supervised-release term for the marijuana offense; he also was fined $10,000. We MODIFY Amos's five-year supervised-release term by reducing it to three years. In all other respects, the district court's judgment is AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amos contends that the district court reversibly erred by imposing a five-year supervised-release term on Count 2, the cocaine conspiracy, because it exceeds the statutory maximum for the offense. The Government agrees that this court should reduce the term to three years. No objection was raised in the district court to this portion of Amos's sentence. However, this court corrects overlong terms of supervised release under plain-error review. United States v. Meshack, 225 F.3d 556, 578 (5th Cir. 2000).

As in Meshack, Amos's indictment does not allege any quantity of cocaine as having been the subject of the Count 2 conspiracy. Accordingly, the Meshack court held that it was necessary to reduce the defendants' supervised-release "terms to the maximum allowable by statute for crack cocaine possession which does not require some showing of drug amount, which for both defendants is three years." 225 F.3d at 578.

The Meshack court relied on "18 U.S.C. § 3583(b)(2) (providing, in the default supervised release statute, for a term of supervised release of 'not more than three years' for Class C felonies); 21 U.S.C. § 841(b)(1)(C) (providing for 'a term of supervised release of at least 3 years');" and United States v. Kelly, 974 F.2d 22, 24-25 (5th Cir. 1992). Meshack, 225 F.3d at 578.

Amos's cocaine offense, with no allegation of quantity in the indictment, is a Class C felony, because it is punishable by a prison term of no more than 20 years. See 21 U.S.C. §§ 841(b)(1)(C) and 846; 18 U.S.C. §§ 3583(b)(2) and 3559(a)(3). On similar facts,

this court recently modified a defendant's supervised-release term "to the statutorily mandated three-year term."  United States v. Doggett,___ F.3d ___, ___ n.2 (5th Cir. Oct. 6, 2000, No. 99-50380), 2000 WL 1481160 at *4.  Therefore, this court now reduces Amos's supervised-release term on Count 2 to three years.

Amos contends that the district court reversibly erred in calculating the quantity of cocaine attributable to him for the purpose of determining his base offense level under the sentencing guidelines.  He asserts that "[t]he only amount of cocaine which the conspirators themselves intended to purchase and the only amount that they were reasonably able to purchase was the single kilogram they attempted to buy on March 17, 1999."

"The district court's determination of the amount of drugs attributable to a defendant is a finding of fact reviewed for clear error."  United States v. Posada-Rios, 158 F.3d 832, 878 (5th Cir. 1998).  "Findings of the district court after an evidentiary hearing, including credibility choices made by the district court, are reviewed by this court under a clearly erroneous standard."  Id. at 866.  The court has also stated: "We will not second guess the district court's factual findings as to the credibility of witnesses."  United States v. Garza, 118 F.3d 278, 283 (5th Cir. 1997).  Moreover, "the defendant[-appellant] has the burden of showing that information that the district court relied on in sentencing is materially untrue."  United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994).

The district court's reasons for its finding of the cocaine quantity are supported by the report of the undercover

agent as stated in the PSR, and to a considerable extent by Amos's own testimony at his sentencing hearing.

Amos relies on this quotation from <u>United States v. Mergerson</u>, 4 F.3d 337, 346 (5th Cir. 1993): "Mere proof of the amounts 'negotiated' with the undercover agents . . . would not count toward the quantity of heroin applicable to the conspiracy count." Amos argues that "[t]he conspirators in this case [Amos and Searls] only intended to purchase one kilogram and were only reasonably capable of purchasing one kilogram."

Amos's argument lacks merit because it assumes that he and Searls were the only conspirators. The indictment charges that these two conspired with each other "and with others known and unknown to the grand jury." The undercover agent stated that during the course of the negotiations, Amos referred to others with whom he was conspiring to obtain cocaine from the agent. This included one person with $100,000; also Amos's representation that he had buyers waiting for the cocaine. Accordingly, the district court's finding that at least five kilograms of cocaine was attributable to Amos is not clearly erroneous.

The district court's judgment is MODIFIED by reducing Amos's supervised-release term on Count 2 to three years. In all other respects the district court's judgment is AFFIRMED.

**AFFIRMED AS MODIFIED.**