IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-11409
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENICE STRIBLING

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Texas, Dallas
USDC No. 3:99-CR-111-3-P
_____

April 19, 2001

Before FARRIS,[*] JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[**]

Genice Stribling appeals her conviction and sentence for distribution and conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(B)(iii) and 846. Specifically, she challenges: (1) the denial of a motion for a new trial, based on the court's refusal to grant Stribling's third and fourth requests for funds for an

_____

[*]United States Circuit Judge of the Ninth Circuit, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

investigator; (2) the admission of a statement at trial as an exception to the hearsay rule; (3) her sentence, in the light of the fact that the jury did not find a specific drug quantity; (4) the constitutionality of 21 U.S.C. §§ 841(a) and (b); and (5) the district court's failure to consider the Bureau of Prison's ability to care for Stribling during the sentencing phase.  We affirm the conviction, but modify the term of Stribling's supervised release.

I

Stribling first claims that the district court's failure to provide funding for the services of an investigator constitutes grounds for a new trial.  Under 18 U.S.C. § 1306A(e)(1), a district court can provide defendants with funds to hire an investigator when they are financially unable to do so.  The defendant bears the burden of demonstrating with specificity the reason why the services of an investigator are necessary.  <u>United States v. Gadison</u>, 8 F.3d 186, 191 (5th Cir. 1993). We review both the district court's refusal to grant a new trial and its decision not to provide funds for an investigator for abuse of discretion.  <u>See</u> <u>Gadison</u>, 8 F.3d at 191; <u>United States v. Cantu</u>, 167 F.3d 198, 201 (5th Cir. 1999).

The district court granted Stribling's first two requests for investigatory funds, but denied her third and fourth requests for funds to hire a private investigator.  The court noted that her requests were "devoid of specifics as to what specific services the private investigator was to perform and how those services are

2

necessary;" that she had two attorneys representing her; that her case was not complex; and that she had access to witness testimony from the trial of her daughter and co-defendant, Sharanda Jones, at which her lawyers were present.  Stribling contends that because of the lack of funds, she was unable to investigate three government witnesses who provided prejudicial testimony.  Stribling, however, failed to demonstrate what investigative efforts had been exhausted, why her attorneys could not perform the necessary investigation, or why the funds provided her were insufficient to cover further investigation.  The district court did not abuse its discretion in denying Stribling's additional requests for funds for an investigator.  Furthermore, Stribling had the opportunity to impeach the witnesses she did not interview, and copious evidence of her guilt was presented at trial.  Additional investigation is most unlikely to have resulted in acquittal.  See United States v. Lowder, 148 F.3d 548, 551 (5th Cir. 1998)(noting that newly discovered evidence warrants a new trial only if, among other factors, the new evidence would "probably produce an acquittal").  Thus, the district court did not abuse its discretion by refusing to grant Stribling's motion for a new trial.

II

Stribling next argues that her conviction should be reversed because the district court erred in admitting the April 6, 1999, written statement of Kelly Douglas as a "prior consistent statement," (which, of course, is not considered hearsay under

3

Federal Rule of Evidence 801(d)(1)(B)).  As the Government acknowledges, introduction of the statement, which was made after Douglas changed her statements to the DEA in an effort to cooperate with the government, was improper.  See Tome v. United States, 513 U.S. 150 (1995) (prior consistent statements are admissible only if they are made prior to the alleged fabrication or motive to fabricate).

Errors in admissions under Rule 801 are reviewed for harmless error. United States v. Powers, 168 F.3d 741, 750-51 (5th Cir. 1999).  "Harm will be found only if the evidence had a 'substantial impact' on the jury's verdict." United States v. Dickey, 102 F.3d 157, 163 (5th Cir. 1996).  Douglas's April 6, 1999, statement was largely repetitive of a statement she gave to the DEA on December 10, 1998, implicating Stribling in drug dealing. Stribling impeached Douglas's testimony at trial with two statements that Douglas had made indicating that Stribling was not involved in drug dealing, as well as Douglas's motive to lie.  While the April 6, 1999, statement may have been slightly more detailed than Douglas's testimony or the December statement, these extra details in a statement that was largely cumulative could not have had a substantial impact on the jury's verdict. Furthermore, Douglas was just one of many witnesses who tied Stribling to drug dealing.  The district court's erroneous admission of the April 6, 1999, statement was harmless error.

III

4

Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), Stribling next challenges the validity of her sentence. Although the indictment mentioned specific drug quantities, the district court failed to state the specific quantity of drugs when it instructed the jury as to the essential elements of the offense that the jury was required to find beyond a reasonable doubt. Because Apprendi requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be alleged in the indictment and proved to a jury beyond a reasonable doubt, the district court erred in failing to instruct on drug quantity. See United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000), cert. denied, 121 S.Ct. 1152 (2001). A fact used in sentencing that does not increase a penalty beyond the statutory maximum, however, does not need to be proved to a jury beyond a reasonable doubt. United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000) cert. denied, 121 S.Ct. 1163 (2001).

Stribling objected to the jury instructions at sentencing, and thus, her sentencing challenge is reviewed do novo. United States v. Garcia, 242 F.3d 593 (5th Cir. 2001) ("Defendant challenged his sentence . . . at the sentencing hearing. Thus, he has adequately preserved error, and the issue is before us on de novo review."). As Stribling recognizes, her 204 month prison term does not exceed the twenty year maximum term of 21 U.S.C. § 841(b)(1)(C) and, therefore, does not violate Apprendi. Stribling's five year term of supervised release, however, exceeds the three year statutory

5

maximum provided by 18 U.S.C. § 3583(b)(2), which is applied to convictions under 21 U.S.C. § 841(b)(1)(C). See Doggett, 230 F.3d at 165 n.2; United States v. Kelly, 974 F.2d 22, 24 (5th Cir. 1992). Accordingly, Defendant's term of supervised release must be reduced from five years to no more than three years.[***]

Stribling also argues that Apprendi renders 21 U.S.C. § 841(a) and (b) unconstitutional, because we previously ruled that Congress intended drug quantity to be a sentence enhancement factor rather than an element of the offense. We rejected this constitutional challenge in United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2001).

IV

Finally, Stribling contends that the district court's refusal to depart downward on her sentence was based on materially erroneous assumptions, in violation of due process. Stribling is a bed-bound quadriplegic who requires constant medical attention. She argues that, in ruling that the prison system had "the

---

[***]The government suggests that we could reduce the term of supervised release to three years without remanding the case, because the minimum term of three years of supervised release under § 841(b)(1)(C) and the maximum term of three years of supervised relief under § 3583(b)(2) leave the district court with no discretion to impose any other term of supervised release. See Doggett, 230 F.3d at 165 n.2 (modifying the term of supervised release to three years without remanding the case for resentencing). Stribling, however, contends that she qualifies for the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, and is therefore not subject to any mandatory minimum terms of supervised release. We leave this for the district court to consider on remand.

capacity, the facilities, to deal with Ms. Stribling's condition," the district court did not consider the adequacy of medical care at FMC Carswell, the only medical facility for female federal prisoners. Stribling also moves to supplement the record with newspaper articles and affidavits about the poor quality of medical care at FMC Carswell.

A district court is entitled to depart downward from the applicable sentencing range in the sentencing guidelines in the case of an "extraordinary physical impairment" when, for instance, "home detention may be as efficient as, and less costly than, imprisonment." U.S.S.G. § 5H1.4. In this circuit, we have no jurisdiction to review a district court's discretionary decision not to depart downward absent a court's misunderstanding of the law. United States v. Dadi, 235 F.3d 945, 954 (5th Cir. 2000). Thus, although we can consider Stribling's constitutional challenge, we cannot review the district court's failure to depart downward in calculating Stribling's sentence.

Stribling correctly notes that a sentence based upon erroneous and material information violates due process. United States v. Mueller, 902 F.2d 336, 347 (5th Cir. 1990). We accept the district court's findings of fact relating to sentencing, however, unless clearly erroneous. United States v. Deavours, 219 F.3d 400, 402 (5th Cir. 2000). Although the adequacy of Stribling's medical care is now disputed, Stribling fails to meet her burden of showing that the district court's findings of fact were clearly erroneous or

7

that "the district court relied on materially untrue information" when it refused to reduce her sentence based on her medical condition.  <u>Id.</u>  We therefore uphold the term of Stribling's incarceration and deny her motion to supplement the record.

V

For the reasons stated above, we AFFIRM Stribling's conviction and the district court's denial of Stribling's motion for a new trial.  We also AFFIRM Stribling's sentence, except for the term of supervised release, which we VACATE and REMAND to the district court for resentencing consistent with this opinion.

AFFIRMED in part; VACATED and REMANDED in part.

8