**UNITED STATES of America**

v.

**Rodrigo SANCHEZ–GONZALEZ,
Appellant**

No. 00–2004.

United States Court of Appeals,
Third Circuit.

Argued Dec. 6, 2001.

Filed June 19, 2002.

Giovanni D. Campbell (Argued), Philadelphia, PA, for Appellant.

Michael L. Levy, United States Attorney, Robert A. Zauzmer, Assistant United States Attorney, Chief of Appeals, Kathleen M. Rice (Argued), Assistant United States Attorney, Philadelphia, PA, for Appellee.

Before: ALITO, AMBRO and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

AMBRO, Circuit Judge.

Rodrigo Sanchez–Gonzalez was sentenced to 324 months in prison and ten years of supervised release for cocaine conspiracy and possession convictions. We consider whether his ten-year term of supervised release violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* requires any fact, other than a prior conviction, that increases the penalty for a crime beyond the statutory maximum to be submitted to a jury and proved beyond a reasonable doubt. *Id.* at 490, 120 S.Ct. 2348. We conclude that *Apprendi* does not apply because Sanchez–Gonzalez's sentence does not exceed the statutory maximum. Because the other issues that he raises lack sufficient merit, we affirm his sentence.[1]

## I. Factual and Procedural History

Sanchez–Gonzalez was arrested on August 27, 1998, for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, and possession of cocaine, including aiding and abetting the possession of cocaine, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.[2] The indictment charged that "over 150 kilograms of cocaine" were involved in the offenses. At trial, the judge gave the following jury instruction regarding drug quantity:

> Throughout the indictment, it is alleged that particular amounts or quantities of cocaine were involved. The evidence in the case need not establish the amount or quantity of cocaine alleged in the indictment, but only that there was, in fact, a measurable amount of cocaine involved in the act as charged in the indictment.

The jury convicted Sanchez–Gonzalez of all charges. At sentencing, the Court stated that "[i]n this case the Government proved at trial the defendant was involved in a conspiracy which distributed in excess of 150 kilograms of cocaine." It then applied § 2D1.1(c) of the United States Sentencing Guidelines for offenses involving more than 150 kilograms of cocaine, which indicated a total offense level of thirty-eight. The Court sentenced Sanchez–Gonzalez to 324 months imprisonment and ten years of supervised release.[3] Sanchez–Gonzalez did not object specifically to the Court's failure to submit the drug quantity evidence to the jury, and he did not object that his supervised release term exceeded the statutory maximum.

---

**1.** We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, which permits appeal from final decisions of the United States District Courts, and 18 U.S.C. § 3742, which permits appellate review of sentences imposed in violation of law or as a result of incorrect application of the sentencing guidelines.

**2.** The indictment also sought forfeiture of the property and proceeds obtained from his crimes pursuant to 21 U.S.C. § 853.

**3.** The sentencing range for a total offense level of thirty-eight and Sanchez–Gonzalez's criminal history category, which is four, is between 324 and 405 months.

## II. Discussion

### A. *Apprendi*

■ Sanchez–Gonzalez argues that his sentence violates *Apprendi* because the issue of drug quantity was not submitted to the jury and proved beyond a reasonable doubt. As noted above, *Apprendi* established that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. Sanchez–Gonzalez did not receive a sentence "beyond the prescribed statutory maximum." *Id.* Therefore, he has no claim under *Apprendi*.

The relevant drug statute, 21 U.S.C. § 841(b)(1), contains three tiers of penalties that vary with drug quantity. A defendant who (like Sanchez–Gonzalez) has a prior felony drug conviction can receive between twenty years and life imprisonment, and at least ten years of supervised release, if convicted of possessing five kilograms or more of cocaine, § 841(b)(1)(A); between ten years and life imprisonment, and at least eight years of supervised release, if convicted of possessing five hundred grams or more of cocaine, § 841(b)(1)(B); and up to thirty years imprisonment, and at least six years of supervised release, if convicted of possessing an unspecified quantity of cocaine, § 841(b)(1)(C). A defendant as to whom drug quantity has not been found by a jury beyond a reasonable doubt should be sentenced under § 841(b)(1)(C), because only

that section does not base the sentence on drug quantity. *See Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348; *United States v. Vazquez*, 271 F.3d 93, 98 (3d Cir.2001) (*en banc*).[4]

Sanchez–Gonzalez's sentence did not exceed the statutory maximum imposed by § 841(b)(1)(C). His 324–month prison term is less than thirty years or 360 months. Likewise, the ten-year term of supervised release to which the Court sentenced him obviously satisfies the statutory *minimum* of "at least 6 years."

Sanchez–Gonzalez asserts, however, that the ten-year supervised release term exceeds the maximum contained in another federal statute, 18 U.S.C. § 3583. That statute limits the maximum term of supervised release from one to five years for varying classes of felonies, "[e]xcept as otherwise provided." § 3583(b). Sanchez–Gonzalez was convicted of a Class B felony, for which § 3583(b)(1) lists a maximum supervised release term of five years.[5] He thus argues that the District Court violated *Apprendi* when it sentenced him to a ten-year term of supervised release without a jury determination on drug quantity.

■ The Court of Appeals for the Fifth Circuit agrees with Sanchez–Gonzalez's view that § 3583 imposes an upper limit on supervised release terms in some cases under § 841. In *United States v. Kelly*, 974 F.2d 22, 24–25 (5th Cir.1992) (*per curiam*), the defendant was sentenced under § 841(b)(1)(C), which, because *Kelly* did

---

4. In *Vazquez*, we held that where evidence of drug quantity is overwhelming and the defendant did not contest it at any stage of the proceedings, the failure to submit drug quantity to a jury as required by *Apprendi* may not constitute plain error. We need not apply here the plain error analysis in *Vazquez* because this case does not come within *Apprendi*.

5. Sanchez–Gonzalez's felony falls under Class B because he faced a maximum prison term of twenty-five years or more. *See* 18 U.S.C. § 3559; 21 U.S.C. § 841(b)(1)(C). He describes it as a Class C felony, for which § 3583 permits no more than three years of supervised release, but the error does not affect our analysis because, either way, the supervised release term listed in the statute is less than the term he received.

not have a prior drug felony conviction, required a *minimum* supervised release term of three years. At the same time, Kelly's offense was a Class C felony which, under § 3583(b)(2), limited his *maximum* supervised release term to three years. The Fifth Circuit, ignoring the "[e]xcept as otherwise provided" language in § 3583, concluded that § 841(b)(1)(C) and § 3583(b)(2) together establish three years as a minimum and maximum term of supervised release. *Kelly*, 974 F.2d at 24; *see also United States v. McWaine*, 290 F.3d 269, 277 (5th Cir.2002) (citing *Kelly* with approval); *United States v. Garcia*, 242 F.3d 593, 599–600 (5th Cir.2001) (same).

In *Kelly*, the minimum term imposed under § 841 matched, but did not exceed, the maximum permitted by § 3583. In a subsequent Fifth Circuit case, *United States v. Cooper*, 274 F.3d 230, 243–44 (5th Cir.2001), however, a minimum six-year term of supervised release under § 841(b)(1)(C) unavoidably conflicted with the three-year maximum term imposed by § 3583(b)(2) for Class C felonies. The Fifth Circuit, acknowledging that § 3583 applies only "[e]xcept as otherwise provided," resolved the conflict in favor of § 841(b)(1)(C) and upheld a five-year supervised release term.[6] 274 F.3d at 244. However, *Cooper* did not overrule *Kelly* in cases where § 3583's maximum term equals the minimum term under § 841. A second defendant in *Cooper* did not have a prior drug felony conviction, which meant that § 841 imposed only a three-year minimum term in his case. Following *Kelly*, the Court reduced that defendant's supervised release term to three years, refusing to give effect to § 3583(b)'s "[e]xcept as

otherwise provided" proviso. *Cooper*, 274 F.3d at 244.

As have several other circuit courts, we reject the Fifth Circuit's view that § 3583 ever limits the term of supervised release in cases under § 841. Our reasons are not complicated. The plain meaning of § 3583 is that it *always* yields to other statutes, such as § 841, that specifically provide terms of supervised release. Any other reading fails to give full effect to the "[e]xcept as otherwise provided" carveout in § 3583. Section 841(b) does "otherwise provide" and therefore trumps the default maximum terms of supervised release provided in 18 U.S.C. § 3583. *See United States v. Sanchez*, 269 F.3d 1250, 1286–88 (11th Cir.2001) (en banc); *United States v. Combs*, 267 F.3d 1167, 1180–81 (10th Cir. 2001); *United States v. Barragan*, 263 F.3d 919, 925–26 (9th Cir.2001); *United States v. Pratt*, 239 F.3d 640, 646 (4th Cir.2001); *United States v. Aguayo–Delgado*, 220 F.3d 926, 933 (8th Cir.2000); *United States v. Shorty*, 159 F.3d 312, 315–16 n. 6 (7th Cir.1998); *United States v. Abbington*, 144 F.3d 1003, 1006 (6th Cir. 1998); *United States v. Eng*, 14 F.3d 165, 172–73 (2d Cir.1994).

The legislative histories of § 841 and § 3583 support our interpretation. As other circuit courts have pointed out, Congress added the phrase "[e]xcept as otherwise provided" to § 3583 at the same time as it wrote the minimum terms of supervised release into § 841. This simultaneity suggests that Congress intended to exempt drug offenses from the otherwise applicable maximum terms of supervised release imposed by § 3583. *See Sanchez*, 269 F.3d at 1287; *Pratt*, 239 F.3d at 648; *Eng*, 14 F.3d at 172–73.

---

**6.** We do not understand why *Cooper*, having decided to permit § 841(b)(1)(C) to trump § 3583(b)(2) on this issue, proceeded to uphold a *five*-year supervised release term when

§ 841(b)(1)(C) explicitly requires at least six years of supervised release for defendants with prior felony drug convictions.

We conclude that § 3583 imposes no limits on the terms of supervised release available under § 841. Section 841(b)(1)(C) permits a defendant with a prior drug felony to receive a sentence of up to thirty years imprisonment and any amount of supervised release greater than six years. Sanchez–Gonzalez's sentence fell within this range. Therefore, he cannot assert a viable argument under *Apprendi.*

### B. Remaining Claims

Sanchez–Gonzalez's remaining grounds for appeal all lack persuasive merit. We will discuss them only briefly.

#### 1. Character Evidence and Evidence of Impoverishment

■ Sanchez–Gonzalez argues that the District Court abused its discretion by refusing to permit him to introduce character evidence to rebut the Government's allegedly inflammatory opening statement and by refusing to permit him to introduce evidence of his impoverishment to rebut the Government's attempt to paint him as a "king-pin." As to the character evidence, Sanchez–Gonzalez barely presents an argument in his brief. He makes a blanket assertion about inflammatory mischaracterizations in the Government's opening statement and then cites two cases. Moreover, he did not raise any objections about "inflammatory mischaracterizations" during the Government's opening statement at trial and does not seem to have taken any action to preserve the issue for appeal. We cannot conclude from this that the Court abused its discretion.

Likewise, Sanchez–Gonzalez does not explain why he should have been permitted to introduce evidence of impoverishment. The District Court has discretion when determining relevancy and prejudice under Federal Rules of Evidence 401, 402, and 403, and it determined prior to trial that any evidence of Sanchez–Gonzalez's impoverishment would be irrelevant. Because there does not appear to have been an abuse of discretion, we affirm the District Court's evidentiary ruling.

#### 2. Admission of Transcripts

■ Next, Sanchez–Gonzalez contends that the Court improperly admitted English language transcripts translated from taped Spanish language conversations as evidence over his objections that the transcripts were inaccurate. We disagree.

The District Court provided Sanchez–Gonzalez an opportunity to correct any transcript errors, and he made many corrections. In addition, the Court held a *Starks* hearing, *see United States v. Starks*, 515 F.2d 112, 118–24 (3d Cir.1975), and ruled that all the *Starks* requirements were satisfied and that the corrected translation was accurate.[7] On appeal, Sanchez–Gonzalez asserts that the Court ruled incorrectly because the Government did not meet its burden on two of the factors the District Court considered. Yet he does not provide support for his argument.

---

**7.** In *Starks* we listed seven criteria for the admission of sound recordings:

(1) That the recording device was capable of taking the conversation now offered in evidence.

(2) That the operator of the device was competent to operate the device.

(3) That the recording is authentic and correct.

(4) That changes, additions or deletions have not been made in the recording.

(5) That the recording had been preserved in a manner that is shown to the court.

(6) That the speakers are identified.

(7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement.

*Starks,* 515 F.2d at 121 n. 11 (citation omitted).

The District Court, therefore, did not abuse its discretion.

### 3. Jencks Act Materials

Sanchez–Gonzalez's final argument is that the District Court erroneously disregarded his request for production of Jencks Act materials (prior statements made by Government witnesses). 18 U.S.C. § 3500. Based on the record and the briefs, the District Court did not deny Sanchez–Gonzalez access to Jencks Act material because Sanchez–Gonzalez did not make a *prima facie* showing that such material existed. *See United States v. Smith,* 984 F.2d 1084, 1086 (10th Cir.1993). Instead, Sanchez–Gonzalez merely asserts that the Government tried to hide prior statements by its witness, Edgar Lozano, but does not identify in the record any evidence that those statements exist. On the other hand, the Government points to testimony by Lozano during which he repeatedly denies remembering any such statements ever being written down. Without a *prima facie* showing, the District Court had no obligation to pursue this issue further.

\* \* \* \* \* \*

Sanchez–Gonzalez has not demonstrated that his sentence violates *Apprendi,* that the District Court erred in its evidentiary rulings, or that the Government might have concealed Jencks Act materials. Thus, we affirm the District Court's judgment.