UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50420
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

                    v.

            Alejandro Escobar GARCIA,

                              Defendant-Appellant.


_____

Appeal from the United States District Court
For the Western District of Texas
(W-99-CR-075)
_____


August 12, 2002

Before DAVIS, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Alejandro Escobar Garcia appeals his conviction for
conspiracy to distribute methamphetamine in violation of 21
U.S.C. § 841(a)(1) and § 846 and his resulting sentence.
Specifically, Garcia argues that (1) the evidence was
insufficient to establish that he knowingly participated in the
drug conspiracy; (2) the district court erred in submitting a
deliberate ignorance instruction to the jury; and (3) the

_____

     [*]     Pursuant to 5th Cir. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

district court erred in sentencing Garcia to a term of five years of supervised release.[1]  Finding error only in the sentencing, we affirm Garcia's conviction, vacate his sentence, and remand for resentencing.

I.

In July 1999, Mary Pena, a police informant, set up a drug transaction at the request of the police with seller Pedro Herrera.  Herrera contacted his supplier, Luis Mendoza, who agreed to supply the methamphetamine for the sale.  The three agreed that the sale would take place at a motel in Hillsboro, Texas.

On the day of the sale, Herrera, co-conspirator Celestino Mendoza (no relation to Luis Mendoza), and Herrera's wife and child stopped by Luis Mendoza's apartment on their way to Hillsboro.  Herrera and Luis Mendoza decided to drive separately to Hillsboro because Herrera was waiting for a friend, Garcia, to arrive.  Before Herrera and Celestino Mendoza left for Hillsboro, Garcia arrived and entered Luis Mendoza's apartment.

Luis Mendoza, Herrera, and Celestino Mendoza (and others with whom they were traveling) met at an outlet mall near the motel where Pena was waiting.  Garcia did not meet the others at

---

[1]    In his opening brief, Garcia also asserts that the appellate record, a portion of which was lost, should be supplemented to include a verified copy of the jury instructions. After Garcia filed his brief, this court granted his motion to supplement.  Garcia makes no further objections to the record in his reply brief.  Therefore, this issue is now moot.

the mall.  Herrera and Celestino Mendoza went to the motel, met Pena, and made the sale.

During the time before the sale, two police officers, Officers West and Markham, were conducting surveillance of the motel's parking lot.  The officers observed Garcia sitting in a white pick-up truck and watching Pena's room.  Garcia then appeared to notice the officers, and both parties moved their vehicles.  According to Officer West, Garcia exited the parking lot, drove down the service road, re-entered the parking lot, and drove slowly in circles around the lot, stopping occasionally to put his car in reverse and then to drive forward.  The officers believed that Garcia was conducting counter-surveillance for the drug sellers.

After the sale was made, police moved in and quickly arrested Celestino Mendoza and Herrera.  Upon seeing this, Garcia fled from the scene.  Police chased Garcia and finally apprehended him.  The police found no firearms or communication equipment, such as cell phone or two-way radio, in Garcia's truck.  Luis Mendoza was never apprehended, and Herrera and Celestino Mendoza testified that they did not know that Garcia was in the parking lot.

At trial, Garcia's defense was that he was in the "wrong place at the wrong time."[2]  Garcia did not testify.  The jury

---

[2]    R. at 17.

convicted Garcia of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 846.  The judge sentenced Garcia to 72 months' imprisonment, five years of supervised release, and a $100 special assessment.  Garcia now appeals.

## II.

Garcia's primary argument on appeal is that the government presented insufficient evidence that he knowingly participated in the drug conspiracy to support his conviction.  In reviewing the sufficiency of the evidence, this court must determine whether a rational trier of fact could find that the evidence establishes guilt beyond a reasonable doubt.[3]  Under this standard, this court views all the evidence in the light most favorable to the verdict.[4]

To establish guilt of a drug conspiracy under 21 U.S.C. § 841, the government must prove beyond a reasonable doubt (1) the existence of an agreement between two or more persons to violate narcotics law; (2) the defendant's knowledge of the agreement; and (3) the defendant's voluntary participation in the agreement.[5]  The government must show beyond a reasonable doubt that the defendant had the deliberate, knowing, and specific

---

[3]  See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

[4]  See id.

[5]  See United States v. Gonzalez, 76 F.3d 1339, 1346 (5th Cir. 1996).

-4-

intent to join the conspiracy.[6]  Because secrecy is the norm in a conspiracy, each element of the conspiracy may be established from circumstantial evidence.[7]

Garcia argues that the evidence is insufficient to show that he knowingly participated in the conspiracy.  Specifically, Garcia points to the facts that neither Herrera nor Celestino Mendoza knew that he was in the parking lot, there were no guns nor communication equipment in his car, and that there was no evidence whatsoever that he knew about the drug sale.

We disagree.  Herrera and Celestino Mendoza stated that they saw Garcia at Luis Mendoza's apartment the day of the drug sale. Later that day, Garcia was present at the exact time and location of the drug sale.  Officers Markham and West testified that Garcia's behavior in the parking lot was consistent with that of someone conducting counter-surveillance.  Furthermore, Garcia fled the scene immediately after police began making arrests and tried to evade the officers who pursued him.  This evidence is sufficient to support the jury's finding that Garcia knowingly participated in the drug conspiracy.

### III.

Garcia next contends that the district court committed

_____

[6]    See United States v. Galvan, 693 F.2d 417, 419 (5th Cir. 1982).

[7]    See United States v. Bobo, 586 F.2d 355, 368 (5th Cir. 1978); United States v. Espinoza-Seanez, 862 F.2d 526, 537 (5th Cir. 1988).

reversible error by submitting a deliberate ignorance instruction to the jury. "A district court has broad discretion in framing the instructions to the jury and this Court will not reverse unless the instructions taken as a whole do not correctly reflect the issues and the law."[8]

"The purpose of the deliberate ignorance instruction is to inform the jury that it may consider evidence of the defendant's charade of ignorance as circumstantial proof of guilty knowledge."[9] "It should only be given when a defendant claims a lack of guilty knowledge and the proof at trial supports an inference of deliberate indifference."[10] The instruction is proper where the evidence shows (1) subjective awareness of a high probability of the existence of illegal conduct, and (2) purposeful contrivance to avoid learning of the illegal conduct.[11] Moreover, "[w]e have consistently held that an error in giving the deliberate ignorance instruction is . . . harmless where there is substantial evidence of actual knowledge."[12]

---

[8]  United States v. Wells, 262 F.3d 455, 465 (5th Cir. 2001) (citing United States v. McKinney, 53 F.3d 664, 676 (5th Cir. 1995) (internal quotation marks omitted).

[9]  Id. (internal quotation marks and citation omitted).

[10]  Id. (internal quotation marks and citation omitted).

[11]  See id. (citing United States v. Threadgill, 172 F.3d 357, 368 (5th Cir. 1999) (internal quotation marks omitted).

[12]  United States v. Threadgill, 172 F.3d 357, 369 (5th Cir. 1999) (citing United States v. Cartwright, 6 F.3d 294, 301 (5th Cir. 1993) (internal quotation marks omitted); see also Wells, 262

For the reasons discussed in the preceding section of this opinion, there is substantial evidence that Garcia had actual knowledge of the drug conspiracy.  Accordingly, we conclude that any error the district court may have committed in giving a deliberate ignorance instruction was harmless under the circumstances.

IV.

Finally, Garcia argues that the district court erred in sentencing him to a term of five years of supervised release. Garcia argues that this sentence violates the principles set forth in Apprendi v. New Jersey because the indictment made no reference to drug quantity.[13]

The parties disagree as to whether Garcia properly objected at trial to this deficiency in the indictment.  We need not resolve this issue because, as the government concedes, the district court committed plain error by sentencing Garcia to more than three years of supervised release.[14]  For these reasons, we vacate Garcia's sentence and remand for resentencing.

Conviction AFFIRMED; sentence VACATED; case REMANDED for resentencing consistent with this opinion.

---

F.3d at 466.

[13]    530 U.S. 466 (2000).

[14]    See 18 U.S.C. § 3583(b)(2); 21 U.S.C. § 841(b)(1)(C); see also United States v. Kelly, 974 F.2d 22, 24-25 (5th Cir. 1992).