**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-41068**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JUAN SIDRONIO RAMIREZ-TAMAYO,**

**Defendant-Appellant.**

_____

**Consolidated with**
**No. 01-41129**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JUAN RAMIREZ-TAMAYO,**

**Defendant-Appellant.**
_____

**Appeals from the United States District Court**
**for the Southern District of Texas**
**(C-01-CR-171-1**
**c/w C-01-CR-272-1)**
_____

October 10, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges,

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In this consolidated appeal, Juan Sidronio Ramirez-Tamayo ("Ramirez") appeals: (1) the sentence imposed following his guilty-plea conviction for illegal alien transportation; and (2) the revocation of his supervised release based on that conviction. With respect to the former, Ramirez contends that the district court was not authorized to go beyond the statutory minimum term of two years' supervised release when resentencing him under FED. R. CRIM. P. 35(c).

Because Ramirez did not object to the three-year term of supervised release imposed by the district court at resentencing, our review is limited to plain error. *See United States v. Kelly*, 974 F.2d 22, 24 (5th Cir. 1992). Plain error is a clear or obvious error that affects a defendant's substantial rights; relief may be granted if the plain error seriously affects the fairness, integrity or public reputation of judicial proceedings. *E.g., United States v. Vasquez*, 216 F.3d 456, 459 (5th Cir. 2000), *cert. denied,* 531 U.S. 972 (2000). Ramirez has failed to show that the district court committed plain error by resentencing him to a term of supervised release in excess of the statutory minimum.

Ramirez's brief contains no argument that the district court erred in revoking his supervised release based on his conviction for alien transportation. Issues not briefed on appeal are deemed

abandoned.  *E.g., **Brinkmann v. Dallas County Deputy Sheriff Abner**,*
813 F.2d 744, 748 (5th Cir. 1987).

**AFFIRMED**