# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-51188
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RUBEN ALVARADO,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:07-CR-581-ALL

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

   Ruben Alvarado appeals the sentence imposed after he pleaded guilty to
one count of importing marihuana and one count of possession of marihuana

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

with intent to distribute. Alvarado argues that the sentence is substantively un-reasonable because the district court failed to give adequate weight to his history of mental health problems in mitigation of his culpability and in terms of his per-sonal characteristics and history. Because Alvarado never objected to the sentence as unreasonable, review is for plain error only. United States v. Peltier, 505 F.3d 389, 390-93 (5th Cir. 2007), petition for cert. filed (Jan. 22, 2008) (No. 07-8978); see also United States v. Hernandez-Martinez, 485 F.3d 270, 272-73 (5th Cir.) (revocation context), cert. denied, 128 S. Ct. 325 (2007).

Although Alvarado does not allege procedural error in the sentencing, we notice that his sentence for marihuana importation—84 months of imprisonment followed by 10 years of supervised release—exceeds the applicable statutory maximums. See 21 U.S.C. § 960(b)(4); 18 U.S.C. § 3583(b)(2); United States v. Kelly, 974 F.2d 22, 24-25 (5th Cir. 1992). Because his total terms of imprison-ment and supervised release will not be affected by modification, given the con-current sentence imposed for his conviction of possession with intent to distrib-ute marihuana, we modify the sentence for marihuana importation to 60 months of imprisonment followed by three years of supervised release. See United States v. de Jesus-Batres, 410 F.3d 154, 164 (5th Cir. 2005). The sentence still runs concurrently with the sentence imposed for the conviction on the other count.

The district court sentenced Alvarado, within the sentencing guidelines, to 84 months' imprisonment followed by 10 years' supervised release, for posses-sion with intent to distribute marihuana. The district court listened to the state-ment of Alvarado and his attorney's arguments based on Alvarado's history of mental health problems. The court reviewed Alvarado's criminal history and the specific facts of the crime and explained that Alvarado's culpability was not re-duced by his mental health problems. The court's reasoning also reflects atten-tion to such § 3553(a) factors as promoting respect for the law, affording ade-quate deterrence to criminal conduct, and protecting the public from further crimes of the defendant. See § 3553(a)(2)(A)-(C). Thus, Alvarado has not shown

that the sentence constitutes error, plain or otherwise. See Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Nikonova, 480 F.3d 371, 376 (5th Cir.), cert. denied, 128 S. Ct. 163 (2007). The judgment is therefore affirmed as modified. See United States v. Izaguirre-Losoya, 219 F.3d 437, 441 (5th Cir. 2000) (plain error standard).

MODIFIED IN PART; AFFIRMED AS MODIFIED.