**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 20, 2021
Decided April 23, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-2652

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| *v.* | No. 09-cr-111-bbc-1 |
| COREY WEBSTER, | Barbara B. Crabb, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Less than a year after serving a prison term for distributing heroin, 21 U.S.C. §§ 841(a)(1), (b)(1)(C), Corey Webster violated the conditions of his supervised release when he failed over a dozen drug tests. A revocation hearing ensued, and soon thereafter Webster again tested positive. He admitted to the positive drug tests, and the court revoked his supervised release and sentenced him to 18 months in prison, followed by 24-months' supervised release. Webster filed a notice of appeal, but his attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

Webster does not have an unqualified constitutional right to counsel when appealing a revocation order, *see Gagnon v. Scarpelli*, 411 U.S. 778, 789–91 (1973), so the *Anders* safeguards need not govern our review. Even so, our practice is to follow them. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Webster filed a submission that we construe as a Circuit Rule 51(b) response to counsel's motion. Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind would be expected to involve. Because his analysis appears thorough, we limit our review to the subjects that counsel and Webster raise. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel does not tell us, as he should, whether Webster wants to challenge the revocation order or the admissions upon which it was based. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). But nothing in the transcript of the revocation hearing causes us to doubt that the admissions were knowing and voluntary. Indeed, at his hearing Webster not only stipulated through counsel that he violated the conditions of his release, but he personally confirmed under oath that he had used drugs.

Counsel first considers whether Webster could argue that the court erred by revoking his supervised release and properly concludes that this argument would be frivolous. A judge must revoke supervised release upon finding that the defendant failed more than three drug tests in a year, 18 U.S.C. § 3583(g)(4), and Webster stipulated to doing so. *See United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014).

Next, counsel evaluates whether Webster could challenge the court's calculation of his reimprisonment range, and appropriately concludes he could not. The court properly calculated a range of 21 to 24 months, based on Webster's commission of a Grade B violation (because his previous drug conviction made his new infraction punishable by more than one year), *see* U.S.S.G. § 7B1.1(a)(2); *Wheeler*, 814 F.3d at 858, combined with a criminal history category of VI, *see* U.S.S.G. § 7B1.4(a), capped by a 24-month statutory maximum (because Webster's original conviction was for a Class C felony), *see* 18 U.S.C. § 3583(e)(3).

Counsel also explores but rightly rejects a challenge to the substantive reasonableness of Webster's 18-month term of reimprisonment. We presume a below-guidelines sentence like Webster's to be reasonable, *see United States v. Wehrle*, 985 F.3d 549, 557 (7th Cir. 2021), and counsel has not identified any ground to rebut this

presumption, nor can we. The district court adequately addressed the 18 U.S.C. § 3553(a) factors, alluding to the need to hold Webster accountable for his violations, to protect the community, and to deter further crimes.

Counsel next considers arguing that Webster's new 24-month term of supervised release exceeded the maximum allowed by 18 U.S.C. § 3583(h). Under § 3583(h), a post-revocation term of supervised release may not "exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation." In the district court, counsel sought to correct the sentence to conform to the view of some circuits that limit the maximum term of supervised release imposed for a violation of § 841(b)(1)(C). *See, e.g., United States v. Kelly*, 974 F.2d 22, 24 (5th Cir. 1992). Under that view, § 841(b)(1)(C) authorizes a maximum term of supervised release of 36 months—a term that, if applied to Webster's case, would ultimately be reduced to just 18 months (36 months less the 18-month prison sentence). But as the district court determined, we have interpreted § 841(b)(1)(C) as authorizing a maximum supervised release term of life, *see United States v. Shorty*, 159 F.3d 312, 315–16 n.6 (7th Cir. 1998), so counsel is correct that a challenge to the 24-month supervised release term would be frivolous.

Counsel also considers whether Webster could argue that his lawyer during the revocation proceedings was constitutionally deficient. This assumes that Webster had a constitutional right to counsel, but that right attaches in revocation proceedings only if the defendant contests the alleged violations or presents substantial and complex grounds in mitigation. *See Gagnon*, 411 U.S. at 798–91; *United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015). Those circumstances were not present in Webster's case, as he admitted that he failed the drug tests. Even if his constitutional right did attach, counsel identifies no deficiency that could be the basis of a claim of ineffective assistance. Moreover, such claims generally should be reserved for collateral review, where the defendant may develop a full record, *see Massaro v. United States*, 538 U.S. 500, 504–05 (2003), and particularly here, where counsel on appeal also represented the defendant in the district court. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003).

Finally, counsel correctly rejects a potential argument that Webster was prejudiced by his revocation hearing being conducted via videoconference because of the COVID-19 pandemic. Although videoconferencing ordinarily is not an appropriate substitute for a face-to-face revocation hearing, *United States v. Thompson*, 599 F.3d 595, 599–601 (7th Cir. 2010), Congress responded to the COVID-19 pandemic by authorizing

the use of videoconferencing in revocation proceedings. *See* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 15002(b)(1)(F), 134 Stat. 281, 528 (2020). Regardless, the transcript does not reflect that the use of videoconferencing hindered Webster's ability to make his case to the judge. *See Thompson*, 599 F.3d at 601.

In his Rule 51(b) response, Webster blames procedural irregularities for a fake urine sample that he was accused of giving in March 2020 (i.e., his sample was not sealed in front of him, and he did not sign any paperwork before it was sent to a lab for analysis). But any argument about the fake urine sample would not affect the outcome here, given his stipulation to failing three drug tests in a year. *See* § 3583(g)(4).

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.