

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2006

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1771

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Johnson" (2006). *2006 Decisions.* Paper 169.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/169

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 06-1771

—————

UNITED STATES OF AMERICA

v.

ALBARI MALIK JOHNSON
a/k/a
Malik Johnson

Albari Malik Johnson,

Appellant

—————

On Appeal from the United States District Court
for the District of Delaware
(D.C. Crim. No. 02-cr-00141-2)
Honorable Kent Jordan, District Judge

—————

Submitted under Third Circuit LAR 34.1(a)
November 9, 2006

BEFORE: SLOVITER, GREENBERG, and CHAGARES, Circuit Judges

(Filed: November 20, 2006)

—————

OPINION OF THE COURT

—————

GREENBERG, Circuit Judge.

This matter comes on before the court following defendant-appellant Albari Malik

Johnson's appeal from a conviction for a lesser-included offense under an indictment charging him with conspiracy to possess with intent to distribute more than 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. Inasmuch as the appeal concerns only his sentence we merely summarize the facts of the case. In early February 2001 Johnson helped arrange for two co-conspirators to buy approximately three kilograms of cocaine in Houston, Texas, to be brought to Delaware. This undertaking, however, failed as the authorities arrested the drug courier hired for the trip and at that time seized 2988 grams of cocaine.

Notwithstanding this failure Johnson helped arrange for three trips to Houston by other persons in June and July 2001 to buy cocaine. Then, on August 8, 2001, Johnson himself went to Houston where he and a co-conspirator obtained five bricks of cocaine. Johnson, however, did not take the cocaine to Delaware. Rather, he and a co-conspirator engaged a courier for that purpose. The courier, however, was unsuccessful as the authorities arrested her on August 9, 2001, as she was driving in Louisiana. At that time the police recovered 4,518 grams of cocaine from the courier's vehicle. Finally, on December 20, 2002, agents arrested Johnson in Delaware finding 20 grams of marijuana during the arrest and search.

At the trial on the indictment the jury returned a verdict of not guilty on the charge of conspiracy to possess with intent to distribute more than 500 grams of a mixture and substance containing a detectable amount of cocaine. The jury, however, found Johnson

2

guilty of the lesser-included offense of conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine. The lesser-included offense differed from the offense that the indictment charged only in the respect that the lesser-included offense did not mention any specific amount of the mixture and substance containing a detectable amount of cocaine. The jury, of course, did not make any finding with respect to marijuana as the indictment did not charge any marijuana offense.

The court originally sentenced Johnson on April 14, 2004. At that time the court found that Johnson was responsible for 4.5 kilograms of cocaine and 20 grams of marijuana. Thus, the cocaine seized on February 2001 was not included in the sentencing calculations. The court determined that the total offense level was 30 which, when combined with Johnson's criminal history category of I, yielded a total offense range of 97 to 121 months. Though Johnson objects to these calculations he does so only because he believes that they should not have been based on a determination of the amount of cocaine or on account of the marijuana, but he does not contend if the 4.5 kilograms of cocaine and the marijuana properly were considered the court erred in its calculations.[1] This range was considerably less than the statutory maximum custodial term of 240 months that the court could have imposed for the lesser-included offense for which the jury convicted Johnson. See 21 U.S.C. § 841(b)(1)(C). The court sentenced Johnson to a 121-month custodial sentence to be followed by a 3-year term of supervised release.

---

[1]Even without the marijuana the sentencing range would have been the same.

3

Johnson then appealed.

After Johnson appealed but before we decided the case, the Supreme Court decided United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), pursuant to which the guidelines became advisory. As a result of Booker, the government filed a motion in this court seeking a remand for resentencing and we granted that motion.

The resentencing was on February 24, 2006. At the resentencing the court pointed out that the maximum custodial sentence for the offense for which the jury convicted Johnson was 20 years. The court once again found Johnson responsible for 4.5 kilograms of cocaine and 20 grams of marijuana. Thus, the court did not change its calculation of the now advisory guidelines range from the range it calculated at the original sentencing. Ultimately, the court imposed the same sentence that it had imposed originally, a 121-month custodial term followed by 3 years of supervised release.

Johnson again appeals. The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Inasmuch as all the issues Johnson raises are issues of law we are exercising plenary review on this appeal. See United States v. Barbosa, 271 F.3d 438, 452 (3d Cir. 2001); United States v. Evans, 155 F.3d 245, 252 (3d Cir. 1998); United States v. Santos, 932 F.2d 244, 247 (3d Cir. 1991).

On this appeal Johnson raises the following points:

I. Among other reasons, because the district court imposed a sentence that exceeded the maximum sentence authorized by the jury, the court erred by violating the appellant's right to due process and a jury trial;

II.  Because the district court did not empanel a jury to decide the specific type and/or amount of drugs, but improperly determined these issues through judicial-fact finding, the court erred by violating the appellant's right to due process and a jury trial;

III.  Because the jury only convicted the appellant of the lesser included offense, but the district court increased the sentence to that of the greater offense, the effect of the court's sentence was to twice place the appellant in jeopardy.

Appellant's br. at i.

We will affirm for the following reasons.  Contrary to what Johnson claims, the district court did not impose a sentence that exceeded the maximum sentence provided for the offense for which the jury convicted him.  In fact, the jury verdict exposed Johnson to the statutory possibility of a custodial sentence of 240 months.  See 21 U.S.C. § 841(b)(1)(C).  Yet the court imposed a sentence of 121 months, only slightly more than half of the possible sentence.  Though it well may be that a sentence approaching 240 months would have been reversed as unreasonable, see United States v. Cooper, 437 F.3d 324, 325-32 (3d Cir. 2006), its imposition would not have infringed Johnson's due process or jury trial rights.  See Appendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000); United States v. Sanchez-Gonzalez, 294 F.3d 563, 565 (3d Cir. 2002).

We also reject Johnson's argument that because the court did not require a jury to decide the specific type and amount of drugs but determined them itself it violated Johnson's right to due process and to a jury trial.  To start with the jury did find Johnson guilty of the cocaine conspiracy offense for which the court sentenced him.  Moreover, the 20 grams of marijuana had no effect on the guidelines calculation which would have

5

been the same with or without consideration of the marijuana. In any event, we are confident that the marijuana had no overall effect on the sentence.

Furthermore, as a matter of law Johnson's argument that a jury had to determine the specific type and quantity of drugs is wrong. We made it clear in United States v. Lacy, 446 F.3d 448, 453 (3d Cir. 2006), that drug quantity is an "element" of the offense that must be proven beyond a reasonable doubt only when the quantity "increases the applicable statutory maximum." Here the determination of the quantity had no such effect, as regardless of the drug quantity involved, the statutory maximum custodial term to which Johnson was subject was 240 months. Finally, on this point even though the indictment did not charge a marijuana offense the court was free to consider Johnson's possession of it in sentencing. See United States v. Rudolph, 137 F.3d 173, 177 (3d Cir. 1998).

Johnson's last argument is that inasmuch as the jury convicted him only of the lesser-included offense but did not find him guilty of the charge involving more than 500 grams of cocaine substance, the court, by considering the 4.5 kilograms of cocaine substance in calculating the applicable advisory guidelines range to help determine Johnson's sentence, violated his double jeopardy rights. Supreme Court precedent, however, compels us to reject this argument. See United States v. Watts, 519 U.S. 148, 117 S.Ct. 633 (1997). Even after Apprendi and Booker, Watts remains good law on the double jeopardy issue as the Supreme Court has not overruled it. See Booker, 543 U.S. at 240, 125 S.Ct. at 753-54. We need say nothing more on this point as we are not free to

6

disregard binding Supreme Court precedent.

The judgment of conviction and sentence entered on February 24, 2006, will be affirmed.

———————