**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4496
_____

UNITED STATES OF AMERICA

v.

JEFFREY KNOBBS,
               Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 09-cr-00706-1)
District Judge:  Honorable Legrome D. Davis

_____

Submitted under Third Circuit LAR 34.1(a)
on October 9, 2015

Before:  SHWARTZ, KRAUSE and COWEN, *Circuit Judges*

(Opinion filed: November 17, 2015)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Jeffrey Knobbs appeals the order of the United States District Court for the Eastern District of Pennsylvania, dated November 6, 2014, revoking his supervised release and sentencing him to twelve months' imprisonment followed by three years' supervised release. Knobbs's counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), arguing that Knobbs's appeal contains no nonfrivolous issues. We will grant counsel's motion and affirm the order of the District Court.[1]

**I.**

In March 2010, Knobbs pleaded guilty to possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(c), a class C felony. *See* 18 U.S.C. § 3559(a)(3) (defining class C felony). Knobbs was sentenced to twenty-four months' imprisonment, fined $1,000, and assigned a special assessment of $100. Knobbs was also assigned a term of three years' supervised release, to be completed after his prison term, during which, pursuant to 18 U.S.C. § 3583(d), he was prohibited from "commit[ting] another federal, state, or local crime." J.A. 5. While on supervised release, however, Knobbs was arrested and charged in state court with burglary, criminal trespass, theft by unlawful taking, receiving stolen property, and criminal mischief for selling cases of beer stolen from his employer, a beer distributor. As a result, Knobbs's

---

[1] The District Court had jurisdiction to revoke Knobbs's term of supervised release pursuant to 18 U.S.C. § 3583(e). We have jurisdiction over this appeal pursuant to 28

probation officer filed a petition with the District Court charging Knobbs with a violation of his supervised release. After the state court granted the Commonwealth's motion for nolle prosequi, the District Court held a violation hearing, at which Knobbs admitted to the charged violations. The District Court subsequently revoked Knobbs's term of supervised release and sentenced him to a new term of twelve months' imprisonment and three years' supervised release. Knobbs timely appealed, which was followed by counsel's motion to withdraw pursuant to *Anders*. Knobbs did not submit a pro se brief in response.

## II.

Our Court conducts a two-step inquiry when deciding whether to grant an *Anders* motion. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). In doing so, we exercise plenary review. *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012). We consider both (1) whether counsel has adequately fulfilled the requirements of Local Appellate Rule 109.2(a) by (a) "satisfy[ing] the [C]ourt that counsel has thoroughly examined the record in search of appealable issues" and (b) "explain[ing] why the issues are frivolous," and (2) "whether an independent review of the record presents any nonfrivolous issues." *Youla*, 241 F.3d at 300.

Here, counsel has ably discharged his duty under *Anders* to scour the record and to explain why no issues for appeal are nonfrivolous. Counsel's brief thoroughly explains

---

U.S.C. § 1291 and 18 U.S.C. § 3742(e).

that (1) the District Court's revocation of Knobbs's supervised release and subsequent imposition of twelve months' imprisonment was proper; (2) the District Court's imposition of an additional term of supervised release was proper; and (3) the revocation proceeding comported with the due process requirements set forth in the Federal Rules of Criminal Procedure. We discuss each of these issues in turn.

First, a court may revoke a term of supervised release and, after considering certain sentencing factors listed in 18 U.S.C. § 3553, order the defendant to serve additional prison time "if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release[.]" 18 U.S.C. § 3583(e)(3). At the revocation hearing, Knobbs admitted to the charged violations. That admission, along with the absence of countervailing evidence, is sufficient to satisfy the preponderance standard required by § 3583(e)(3). *See United States v. Barnhart*, 980 F.2d 219, 223 (3d Cir. 1992).

As to the length of the imposed prison term, a court may sentence a defendant to "[no] more than [two] years in prison if [the offense that resulted in the term of supervised release] is a class C or D felony." 18 U.S.C. § 3583(e)(3). Because Knobbs's original conviction was a Class C felony, *see* 18 U.S.C. § 3559(a)(3); 21 U.S.C. § 841(b)(1)(C), the twelve-month prison term imposed by the District Court was within the applicable statutory range. The imposed prison term was also within the advisory range under the policy statements set forth in Chapter 7 of the Sentencing Guidelines.

4

*See* U.S.S.G. § 7B1.4.  At the revocation hearing, the parties stipulated that the charged

violation was a Grade B as defined in U.S.S.G. § 7B1.1.[2]  Together with Knobbs's

Criminal History Category of II, *see* U.S.S.G. § 4A1.1(a), the applicable advisory range

under the Sentencing Guidelines was six to twelve months' imprisonment.  U.S.S.G. §

7B1.4.  As such, the twelve-month prison term imposed by the District Court was within

the applicable advisory range.

Moreover, the record clearly demonstrates that the District Court, when sentencing

Knobbs, "gave meaningful consideration to [the] factors" set forth in § 3553(a).  *United*

*States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007) (internal quotation marks omitted).

Section 3553(a) instructs a sentencing court to consider, *inter alia*, the nature and

circumstances of offense, the need for the sentence imposed, and the range and kinds of

sentences available.  Here, the District Court heard detailed presentations from defense

counsel, the Government, a probation officer, and a witness about the nature of Knobbs's

charged violation of supervised release, engaged Knobbs in a lengthy colloquy about his

decision to burgle his employer, and explained its view that the charged offense was

particularly egregious because Knobbs breached the trust of the employer who employed

---

[2] The violation petition submitted to the District Court for a revocation of Knobbs's term of supervised release listed Knobbs's charged violations—burglary and related offenses—as Grade A as defined in U.S.S.G. § 7B1.1.  However, during the revocation hearing, both parties, in determining the appropriate sentence, stipulated that the violation was Grade B, and not Grade A, because the burglary involved a commercial establishment, not a dwelling, and thus was not a crime of violence.

him after he was released from prison. Furthermore, as discussed above, the District Court adequately considered both "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines" and "any pertinent policy statement." *See* 18 U.S.C. § 3553(a)(4), (5). Accordingly, an appeal on the basis of the District Court's revocation of Knobbs's supervised release and subsequent imposition of twelve months' imprisonment would be frivolous.

Second, the District Court's imposition of an additional term of supervised release was proper. A court may impose an additional term of supervised release, to be completed after a term of imprisonment resulting from a revocation of supervised release, so long as "[t]he length of such a term . . . [does] not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id.* § 3583(h). Under Knobbs's original conviction, the District Court could have imposed a term of supervised release up to life. *See United States v. Sanchez-Gonzalez*, 294 F.3d 563, 567 (3d Cir. 2002) (concluding that § 3583 imposes no limit on the term of supervised release available for convictions under § 841(b)(1)(C)). Thus, the District Court's imposition of three years' supervised release fell within the applicable statutory range, and any appeal on the basis of the imposed term of supervised release would be frivolous.

6

Third, the revocation proceeding comported with the due process requirements set forth in the Federal Rules of Criminal Procedure. Rule 32.1(b) requires the court to "hold the revocation hearing within a reasonable time" and that the person whose supervised release is being revoked shall be given "(A) written notice of the alleged violation; (B) disclosure of the evidence against the person; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b). Here, Knobbs was provided with written notice of the alleged violations, which also disclosed the evidence against him; he appeared at the revocation hearing represented by counsel; and he was given the opportunity to present evidence and question adverse witnesses. As Knobbs was afforded sufficient due process for his revocation hearing, any appeal on this basis would be frivolous. *See Barnhart*, 980 F.2d at 222-24.

In sum, counsel's twenty-three page brief thoroughly analyzes the numerous issues that could have been mounted on appeal, and our independent review of the record reveals no other nonfrivolous issues for consideration on appeal. *See Youla*, 241 F.3d at 300; *Simon*, 679 F.3d at 114. Therefore, we will grant counsel's *Anders* motion and affirm the order of the District Court.

7