**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2718
_____

UNITED STATES OF AMERICA

v.

ANTHONY ROEBUCK,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.:  2-00-cr-00328-002)
District Judge:  Honorable Edward G. Smith

Argued on November 8, 2018

Before:  AMBRO, SCIRICA and RENDELL, Circuit Judges

(Opinion filed: January 23, 2019)

Richard Coughlin
*Federal Defender District of New Jersey*
Alison Brill          [Argued]
*Assistant Federal Public Defender*
Office of Federal Public Defender
22 South Clinton Avenue
Station Plaza #4, 4th Floor
Trenton, NJ   08609
          *Counsel for Appellant*

William M. McSwain
*United States Attorney*
Robert A. Zauzmer  [Argued]
*Assistant United States Attorney*
*Chief of Appeals*
Tomika N. S. Patterson
*Assistant United States Attorney*
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
                *Counsel for Appellee*

_____

O P I N I O N[*]

_____

**RENDELL,** <u>Circuit Judge</u>:

Appellant Anthony Roebuck challenges the District Court's order revoking his term of supervised release, sentencing him to a ten-month term of imprisonment and imposing a subsequent five-year term of supervised release. While we reject Roebuck's challenge to the permissible length of his term of supervised release, we hold that the District Court plainly erred by treating the five-year term of supervised release as mandatory. Accordingly, we will vacate the sentence and remand for further proceedings.

**Background**

In 2000, Anthony Roebuck pled guilty to conspiracy, attempt, and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846. He was sentenced to twenty years of imprisonment and ten years of supervised release, which he later successfully challenged, and the District Court then reduced it to ten years of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

imprisonment and five years of supervised release.  As a condition of supervised release, Roebuck was not to commit a state, local, or federal crime.  After Roebuck had served his term of imprisonment, and while on supervised release, the Philadelphia Police Department arrested and charged Roebuck with criminal conspiracy, possession with intent to deliver narcotics, and resisting arrest.  Based on this arrest, the District Court in 2013 revoked Roebuck's supervised release, sentenced him to a 33-month prison term, credited for time served, and imposed a subsequent five-year supervised release term ("2013 term").  While on supervised release, Roebuck failed two drugs tests in September and November 2016, and failed to appear for a third test in November 2016.  Based on these violations, in December, the District Court, with Roebuck's agreement, modified the terms of his supervised release to include intensive outpatient treatment and 60 days of home confinement ("modified term").

In January 2017, during the 60-day home confinement, the Philadelphia Police Department arrested Roebuck for possession of drugs and conspiracy to sell or distribute drugs, based on the belief that Roebuck knowingly transported a co-conspirator to a drug transaction, and that drugs were discovered in Roebuck's home.  Although that state charge was ultimately *nolle prossed*, Roebuck's probation officer filed a petition to revoke supervised release, arguing that: (1) based on the circumstances, there is probable cause to believe that Roebuck conspired to possess or possessed with the intent to deliver drugs (grade A violation of supervised release); (2) Roebuck left his home without an authorized purpose (grade C violation); and (3) Roebuck failed (or failed to appear for)

3

multiple[1] drug tests (grade C violation).  The District Court referred the grade A violation

to a Magistrate Judge to determine if there was probable cause to believe that Roebuck

committed a state, local, or federal crime.  The Magistrate Judge, finding that the

Government failed to establish probable cause that Roebuck possessed or conspired to

distribute drugs, dismissed the grade A violation.  After the District Court held a hearing

on the remaining grade C violations, the District Court revoked Roebuck's modified term

of supervised release, sentenced him to a ten-month term of imprisonment, and imposed a

subsequent five-year term of supervised release ("2017 term").

Roebuck appeals that sentence, arguing that: (1) the District Court erred by

imposing a term of supervise release that exceeded the maximum allowed by 18 U.S.C. §

3583(h);[2] (2) the Court violated Roebuck's due process rights by relying on the same

violations that led to the modified term of supervised release to impose this term of

supervised release; and (3) it plainly erred by treating the Guidelines and § 3583(h) as

requiring a term of at least five years of supervised release after imprisonment, when they

do not.  We now review those challenges here.

---

[1] Specifically Roebuck tested positive for cocaine use on December 27, 2013; July 11, 2016; August 11, 2016; August 22, 2016; September 21, 2016; November 14, 2016; and December 16, 2016. Roebuck failed to appear for urinalysis on August 19, 2016 and November 3, 2016.

[2] Roebuck also argues that the District Court lacked jurisdiction to impose this sentence, because the 2013 term of supervised release also unlawfully exceeded the maximum allowed by statute. Roebuck likely waived his right to challenge the 2013 term of supervised release because he failed to do so at the time the sentence was imposed. But the waiver is inconsequential because the 2013 term would have been lawful for the same reason the 2017 term is lawful.

4

**Analysis**

Roebuck failed to raise his claims in the District Court. As a result, we review for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (en banc). Roebuck has the burden to establish that (1) the Court erred; (2) the error was "plain" or "obvious"; (3) the error affected "substantial rights," such that it affected the outcome of the proceedings; and (4) the error seriously affected the fairness of the judicial proceedings. *United States v. Olano*, 507 U.S. 725, 734-35 (1993). Because successive terms of supervised release relate back to the initial offense, we rely on the relevant language of the Guidelines and statutes at the time of the initial conviction. *United States v. Turlington*, 696 F.3d 425, 427-28 (3d Cir. 2012); *see also Peugh v. United States*, 569 U.S. 530, 549 (2013) (applying *Ex Post Facto* Clause to Guidelines).

**1. The District Court did not impose a term of supervised release greater than the maximum allowed by statute.**

We first address Roebuck's challenge to the length of the term of his supervised release, which relies on a strained reading of several cross-referencing statutory provisions to argue that the District Court could not impose a five-year term. 18 U.S.C. § 3583(e) sets forth the maximum term of imprisonment that can be imposed following revocation of supervised release, depending on the class of the felony on which the revocation was based.[3] Another subsection, § 3583(h), governs the term of supervised release that can be imposed after the term of imprisonment imposed under § 3583(e).

---

[3] Section 3583(e)(3) specifically limits a defendant's term of imprisonment after revocation to five years if the original offense is a Class A felony, 3 years for a Class B

5

Section 3583(h) provides:

> (h) Supervised release following revocation.--When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3),[4] the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. *The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release,* less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h) (emphasis added).  Roebuck urges that the statute that authorized the original term of supervised release, and therefore sets the maximum length of supervised release that the District Court could impose, is 18 U.S.C. § 3583(b), which provides:

> (b) Authorized terms of supervised release.—Except as otherwise provided, the authorized terms of supervised release are—
>
> > (1) for a Class A or Class B felony, not more than five years;
> > (2) for a Class C or Class D felony, not more than three years; and
> > (3) for a Class E felony, or for a misdemeanor (other than a petty offense), not more than one year.

18 U.S.C. § 3583(b).  The problem with this argument is that the statute that actually authorized Roebuck's original term of supervised release is his statute of conviction, 21 U.S.C. § 841, which authorizes "a term of supervised release of *at least 5 years* in addition to such term of imprisonment[.]"  21 U.S.C. § 841(b)(1)(A) (emphasis added).

We have held that where a statute sets a statutory minimum with no maximum, the

---

felony, and 2 years for a Class C or D felony. 18 U.S.C. § 3583(e)(3).  Roebuck does not dispute that his term of imprisonment was valid: the District Court here imposed a ten-month term, clearly within the five-year period for conspiring to sell or distribute drugs, a Class A felony.

[4] Congress deleted the phrase "that is less than the maximum term of imprisonment authorized under subsection (e)(3)" in a later amendment.

6

maximum is life. *United States v. Sanchez-Gonzalez*, 294 F.3d 563, 567 (3d Cir. 2002).

Therefore, the District Court did not err by imposing a supervised release term of five

years, when it could have imposed a term up to life.

We rejected the premise of Roebuck's argument in *United States v. Sanchez-*

*Gonzalez*:

> [W]e reject the . . . view that § 3583 ever limits the term of supervised
> release in cases under § 841. Our reasons are not complicated. The plain
> meaning of § 3583 is that it *always* yields to other statutes, such as § 841,
> that specifically provide terms of supervised release. Any other reading
> fails to give full effect to the "[e]xcept as otherwise provided" carveout in §
> 3583. Section 841(b) does "otherwise provide" and therefore trumps the
> default maximum terms of supervised release provided in 18 U.S.C. §
> 3583.

*Id.* at 566 (emphasis in original). Although *Sanchez-Gonzalez* did not address subsequent

supervised releases under § 3583(h), the result is no different: § 841, not § 3583(b),

authorized supervised release for the original term, and therefore governs subsequent

terms. Thus, the District Court did not exceed the statutory maximum allowed when it

imposed a five-year term of supervised release, because § 841(b)(1)(A) authorized the

original term of supervised release, and permits a life term of supervised release for

successive terms.[5]

---

[5] Roebuck raises two other arguments that are equally unpersuasive. First, Roebuck argues that permitting terms of supervised release up to life renders the "subtraction clause" of § 3583(h) meaningless, because one cannot subtract a term of imprisonment from a lifetime sentence. As other courts have recognized, "the more appropriate course is simply to recognize that this is one of those rare situations where Congress did not expect the literal terms of its handiwork to be applied to a lifetime term of supervised release[.]" *United States v. Cassesse*, 685 F.3d 186, 191 (2d Cir. 2012). And second, Roebuck argues this holding is contrary to our decisions in *United States v. Brady*, 88 F.3d 225 (3d Cir. 1996), and *United States v. Doe*, 617 F.3d 766 (3d Cir. 2010). But, in

**2. The District Court did not violate Roebuck's due process rights when, in imposing this term of imprisonment and supervised release, it considered conduct that was also the subject of the modified term of supervised release.**

Roebuck argues that the District Court violated his due process rights when it revoked his supervised release, because he never received notice that the Court could modify his conditions of supervised release based on past conduct, and then revoke his supervised release based on that same conduct. Specifically, Roebuck argues that when the District Court modified his terms of supervised release in December 2016 based on one missed and two failed drug tests, then one month later revoked his supervised release based on the probation officer's revocation petition, which included the same conduct, his due process rights were violated. He further asserts that his waiver of counsel and a hearing when he agreed to the December modified term was not knowing and voluntary because he was unaware that he could be punished for the same conduct twice. And, even if that waiver was knowing and voluntary, it is fundamentally unfair to impose a harsher sentence for the same conduct.

A district court has broad discretion to impose special conditions on supervised release or modify its terms. *United States v. Murray*, 692 F.3d 273, 278 (3d Cir. 2012). In doing so, it shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The District Court here

---

both cases, the specific calculation at issue here was not central to the holding, and thus was dicta. *See Brady*, 88 F.3d at 228; *Doe*, 617 F.3d at 775.

did not plainly err when it considered Roebuck's past conduct, because there is no dispute that the District Court also considered new home-confinement violations that formed the basis of, at least in part, the District Court's decision to revoke supervised release, even if the drug offenses were the "more serious" violations. App. 215. As a result, to the extent the District Court may have punished Roebuck for the same conduct twice, that error is not "plain" or "obvious" nor did it affect substantial rights because new conduct also formed the basis of the decision to revoke supervised release.

**3. The District Court plainly erred by treating the five-year term of supervised release as mandatory.**

Roebuck argues that the District Court plainly erred by treating 18 U.S.C. § 3583(h) and the relevant provision of the United States Sentencing Guidelines, which mirrors § 3583(h), as requiring a five-year term of supervised release, when in fact, there is no minimum.

Here the District Court plainly erred by believing it had to impose at least a five-year term of supervised release, when the applicable statute only requires that the term of supervised release cannot *exceed* the term authorized under the statute that resulted in the original term, which was life. The Court first erred when it stated, "[a]nd do both counsel agree that for a C violation, the statutory maximum is five years of incarceration, and the guideline range would be four months to ten months with supervised release of *at least five years*?" App. 136 (emphasis added). Later, it had the following exchange confirming its belief:

9

| | |
|---|---|
| The Court: | And do both Counsel agree that I – the recommended statutory max is *at least* five years for supervised release? |
| Ms. Patterson: | Your Honor, yes, there is a statutory max of five years.[6] |
| The Court: | *At least* five years. |
| Ms. Patterson: | At least five years for – for custody, and then there's *at least* five years for supervised release. |
| The Court: | Okay. Counsel? |

App. 212 (emphasis added). It appears that, while referring to a "statutory max" of "at least five years," the Court actually believed that it was required to impose a term of supervised release, as evidenced by the persistent use of "at least" by the Court when stating the term of supervised release as "five years," including correcting the Government attorney that the statutory max is "at least five years." *Id.* The only curative language can be found when the Court said "the *recommended* statutory max," but that statement is followed by "*at least* five years," and the Government's attorney only confirmed that mistake by stating "and then there's *at least* five years for supervised release." *Id.* (emphasis added). The District Court thus erred by believing it was required to impose a sentence of at least five years, when neither the Guidelines nor § 3583(h) require it to do so.

Even though this error is reviewed under the plain error standard, we believe it meets that high burden. The error is obvious, because the District Court persistently suggested that the statute requires at least five years of supervised release, and it is clear that the Guidelines and § 3583(h) each contain "cannot exceed" language and do not

---

[6] Evidencing further confusion in this colloquy, under § 841, the "statutory max" would be life, and the statutory minimum would be "five years," neither of which are mandatory to impose under § 3583(h) or U.S.S.G. § 7B1(g)(3).

require a subsequent term of supervised release. That error affected substantial rights: The District Court's belief that the term of supervised release was mandatory prejudiced Roebuck, and it affected the outcome of the proceedings. Roebuck and the Government both proposed more lenient terms of supervised release that may have not been considered because the District Court believed it was required to impose at least a five year term of supervised release. Thus, it plainly erred by treating the Guidelines and § 3583(h) as mandating at least a five-year term of supervised release.

**Conclusion**

We will vacate the District Court's sentence and remand for further proceedings.